Jack C. UTTERBACK
and Dixie A. Utterback,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4634)

Jack C. Utterback and Dixie A. Utterback, Plaintiffs (tax-payers), filed the Motion for Waiver or Deferral of Filing fee and Motion for Stay of Payment of Income tax *pro se.*

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, filed the Motion to Dismiss for Defendant (the department).

Decision for Defendant rendered December 22, 2003.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter is before the court on a motion for waiver or deferral of filing fee and motion for stay of payment of income tax[1] filed by Plaintiffs (taxpayers) as well as a Motion to Dismiss filed by Defendant Department of Revenue (the department).

## II. FACTS

Taking all facts presented by taxpayers as true and giving them the benefit of all factual inferences, it appears that the real property in question was acquired by a distant predecessor in title to taxpayers, under a patent from the federal government issued under the Homestead Act of 1862.

## III. ANALYSIS

In this court, taxpayers claim that either their property is exempt because their title ultimately traces to the federal government or that the State of Oregon has no power to levy a direct tax on property.

A.  *Immunity Claim*

■      It is well-settled law that, although the federal government is immune from direct taxation by the states, those who take title from the federal government share no such immunity. It has been clear for over 150 years that a party who receives land, by patent or other instrument of conveyance from the United States is taxable on the land received and any immunity that the land enjoyed while in the hands of the United States ends. *Carroll v. Safford*, 44 US 440 (1845); *Witherspoon v. Duncan*, 71 US 210 (1866). The immunity claim by taxpayers is without merit.

---

[1] To the extent that the writings filed by taxpayers constitute a motion for stay of payment of income tax, the motion is denied as moot. This is a property tax case, and ORS 305.419 does not apply.

The cases cited by taxpayers do not, in fact, stand for a contrary proposition. Instead, those cases dealt with whether land was subject to tax at various points during the homestead or grant process **before** a claim was perfected or a patent issued, or in cases where the federal government retained some rights in the property in question.[2]

■ The same principles have been recognized with respect to patents issued under the Homestead Act of 1862, pursuant to which taxpayers predecessor in title acquired the land in question here. In *Irwin v. Wright*, 258 US 219, 42 S Ct 293, 66 L Ed 573 (1922), in an opinion by Chief Justice William Howard Taft, the United States Supreme Court specifically affirmed the principle that once a patent is issued, the land is subject to taxation by a state.[3]

B. *Authority of the State of Oregon*

■ The State of Oregon unquestionably has authority to impose a property tax, subject only to limitations contained in the Oregon Constitution (for example those resulting from the adoption of Measure 50) or restrictions contained in valid federal statutes or the United States Constitution. The plenary power of the state to impose taxes, subject only to constitutional limitations, has long been recognized. *See, e.g., King v. City of Portland*, 2 Or 146 (1865). Taxpayers have not cited, and the court is not aware of, any authority that calls into question the power of the State of Oregon to impose a property tax. Indeed, Oregon has imposed such a tax from the time of its existence as a state. General Laws of Oregon, Civ Code, ch LIII, title I, § 1, p 893 (Deady 1845-1864); Or Const, Art XVIII, § 7.

---

[2] *Northern Pacific R.R. Co. v. Traill County*, 115 US 600, 6 S Ct 201, 29 L Ed 477 (1885); *Sargent v. Herrick*, 221 US 404, 31 S Ct 574, 55 L Ed 787 (1911), cited by taxpayers, both dealt with the question of the taxability of land **before** the conveyance from the United States was complete. Taxpayers have filed documents with the court that show the conveyance from the United States, by patent, has been completed for the property in this case. It should be noted that in their Complaint, taxpayers purport to quote language from those cases that cannot be found in the cases.

[3] Interestingly, and perhaps ironically, the patent by which taxpayers' predecessor in title acquired the land in question was signed by William Howard Taft at a point when he was President of the United States and before he became the Chief Justice of the United States.

■　　Taxpayers have cited to the court the case of *Pollock v. Farmers' Loan & Trust Co.*, 158 US 601, 15 S Ct 912, 39 L Ed 1108 (1895) and in that connection have argued that the Sixteenth Amendment to the United States Constitution did not grant any power to the State of Oregon to levy a direct tax on property. The error of taxpayers' position is fundamental in nature. The *Pollock* case only dealt with the power of the federal government to impose an income tax. Although the case discusses property tax matters, it does so only with respect to the power of the federal government to impose a direct tax. In fact, as to state taxes, the *Pollock* court's analysis is directly contrary to the taxpayers' position. Speaking of the transition from the period before the adoption of the constitution to the period following its adoption that court stated:

> "The States, respectively, possessed plenary powers of taxation. They could tax the property of their citizens in such manner and to such extent as they saw fit, they had unrestricted powers to impose duties or imposts on imports from abroad, and excises on manufactures, consumable commodities, or otherwise. They gave up the great sources of revenue derived from commerce * * *. They retained the power of direct taxation and to that they looked as their chief resource * * *.
>
> "The founders anticipated that the expenditures of the States, their counties, cities and towns, would chiefly be met by direct taxation on accumulated property * * *."

158 US at 620, 621. The power of the State of Oregon to tax property derives from the status of the state as a sovereign and not from any provision of the United States Constitution, including the Sixteenth Amendment thereto.[4]

---

[4] In its brief, the department, citing the decision of the Magistrate Division in *Menke v. Klamath County Assessor*, 16 OTR 293 (2000), suggested that the power of the State of Oregon to impose a tax found its source in the Tenth Amendment to the United States Constitution and was exercised in Article I, section 32, of the Oregon Constitution. That analysis is incorrect. The power of the State of Oregon to legislate, in tax or any other matter, is an attribute of its sovereignty and as such does not derive from the Constitution of the United States. Nor is Article I, section 32, of the Oregon Constitution an exercise of delegated or granted power. It is a limitation on the otherwise plenary power of the state. *See* Linde, *Without Due Process, Unconstitutional Law in Oregon*, 49 Or L Rev 125 (1970).

## C. *Damages for Frivolous Appeal*

ORS 305.437[5] provides, in part:

> "(1)   Whenever it appears to the Oregon Tax Court that
> * * * the taxpayer's position in such proceeding is frivolous
> or groundless, damages in an amount not to exceed $5,000
> shall be awarded to the Department of Revenue by the
> Oregon Tax Court in its judgment. * * *.

> "(2)   As used in this section, a taxpayer's position is
> 'frivolous' if there was no objectively reasonable basis for
> asserting the position."

The court finds that taxpayers' position in this matter is frivolous. Taxpayers have provided the court with writings that contain spurious quotations and cases that do not support the assertions made by taxpayers. *Northern Pacific R.R. Co.*, 115 US 600; *Sargent,* 221 US 404. In fact, those cases implicitly or explicitly recognize that property is taxable once the conveyance from the United States is completed. As to the authority of the state to impose a tax in general, the case relied upon by taxpayers clearly recognizes the plenary power of the states to impose taxes. *See Pollock,* 158 US 601.

Taxpayers are not lawyers and could perhaps be forgiven for not appreciating some of those points. However, the conclusion they urge on the court is facially absurd. If all privately held land in Oregon that was originally taken from the federal government was exempt from taxation, the property tax receipts of the counties in Oregon would be minuscule. Almost all land now in private ownership in Oregon was originally in federal ownership. The court takes judicial notice of the fact that most people in Oregon live on land once in federal ownership, but nonetheless pay their property taxes unless an Oregon statute provides an exemption or special assessment program. Houses sell with people focused on the property tax history of the property and not on whether its distant owner was the federal government.

In filing and maintaining this action, taxpayers have apparently chosen to ignore the language of cases they cite and common sense. Their position is without an objectively

---

[5] All references to the Oregon Revised Statutes (ORS) are to 2001.

reasonable basis, and they could have determined this by a brief consultation with a competent attorney.

The court orders taxpayers to pay $500 to the department as damages under ORS 305.437.

If taxpayers did the research and writing presented by them to this court, they must fairly bear the consequence of the $500 damages award. If someone provided them with that research and writing, the court lacks the authority to sanction that source of taxpayers' trouble. In adopting such research and writing and basing their claim in this court upon them, taxpayers took the risk that those arguments were both wrong and frivolous.

## IV.   CONCLUSION

Taxpayers' Complaint fails to state ultimate facts sufficient to constitute a valid claim for relief. Now, therefore,

IT IS ORDERED that Plaintiffs' motion for waiver of filing fee is granted, and

IT IS FURTHER ORDERED that Plaintiffs' motion for stay of income tax is denied as moot, and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that $500 in damages is awarded to Defendant under ORS 305.437.