Argued and submitted May 11, judgment of Oregon Tax Court affirmed
June 3, 2005

## Laurel Ann CURTIS,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

## (OTC 4222; SC S51744)

112 P3d 330

Laurel Ann Curtis, petitioner on review, argued the cause and filed the briefs for herself.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent on review. Wendy E. Sanderson, Assistant Attorney General, Salem, filed the brief for respondent on review. With her on the brief was Hardy Myers, Attorney General.

BALMER, J.

**BALMER, J.**

Taxpayer in this personal income tax case appeals from a judgment that the Oregon Tax Court entered after taxpayer had appealed to that court from an opinion and order of the defendant Department of Revenue (the department). ORS 305.445. Taxpayer failed to file income tax returns for the tax years 1983 through 1993, and the department assessed taxes, interest, and penalties for those years. Following trial and post-trial briefing, the Tax Court affirmed the order of the department, determined that taxpayer had received $20,000 in 1992 in addition to the amounts assessed by the department, awarded the department $5,000 in damages pursuant to ORS 305.437, and awarded the department its attorney fees. *Curtis v. Dept. of Rev.*, 17 OTR 414 (2004). Taxpayer appealed to this court. We affirm.

During the tax years in question, taxpayer was a resident of Oregon and owned several pieces of real property in Oregon, each of which produced rents. Taxpayer did not maintain books and records related to her rental properties and, as noted, did not file income tax returns. Taxpayer asserted that she was not required to maintain financial records or to file income tax returns because the rents that she received were not subject to tax by the State of Oregon or by the federal government.

The Internal Revenue Service (IRS) examined taxpayer's finances and estimated the amount of her rental income. Based on information that the IRS provided to the department, the department sent written notices to taxpayer requesting that she file tax returns. When she failed to do so, the department determined her tax liability from the information that the IRS had given it. *See* ORS 305.265(10)(a) (when taxpayer fails to file return, "department shall determine the tax according to the best of its information and belief"). At trial before the Tax Court, IRS agents testified about the procedures that they had used in examining taxpayer's finances and estimating her income for the years in question. Taxpayer criticized the IRS methodology, but she introduced no evidence to rebut the IRS calculations. The

Tax Court rejected taxpayer's legal arguments and entered the judgment described above.

As she did before the Tax Court, taxpayer in this court raises a number of statutory and constitutional arguments, both state and federal, to challenge her Oregon income tax liability as determined by the department. Each of those arguments was considered and resolved against taxpayer by the Tax Court. *Curtis*, 17 OTR at 418-24. Taxpayer also challenges the Tax Court's decision to award damages and attorney fees to the department. The Tax Court's conclusion as to each legal issue that it addressed was correct, and it would not benefit the taxpayer, the public, the bench, or the Bar for us to discuss them further.

The judgment of the Oregon Tax Court is affirmed.