IN THE OREGON TAX COURT
REGULAR DIVISION

Samuel F. NEWTON
and Milca L. Newton,
*Plaintiffs,*

*v.*

CLACKAMAS COUNTY ASSESSOR,

*and*

DEPARTMENT OF REVENUE,
*Defendants.*

(TC 4739)

Samuel L. Newton, Plaintiff (taxpayer) argued the cause *pro se.*

Susie Huva, Clackamas County Counsel, Oregon City, argued cause for Defendant Clackamas County Assessor (the county).

Douglas M Adair, Assistant Attorney General, Department of Justice, argued cause for Defendant Department of Revenue (the department).

Decision for Defendants rendered January 18, 2006.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case comes before the court for decision after trial. Plaintiff Samuel F. Newton represented Plaintiffs (taxpayers) *pro se.* Defendants Clackamas County Assessor (the county) and Department of Revenue (the department) were represented by counsel.

## II. FACTS

Taxpayers are the owners of certain property in Clackamas County. The county assessed the value of that property for the 2003-04 tax year at $180,855. Taxpayers appealed that value to the Magistrate Division of this court, which granted the county's motion for judgment on the pleadings and dismissed taxpayers' complaint. Taxpayers then appealed to this division, asserting that the correct value of their property is $75,000 and that Oregon's imposition of a property tax violates Article I, section 9, clause 4, of the United States Constitution, which provides: "No capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken."

At trial, taxpayers presented no evidence to support their valuation of their property. At the close of taxpayers' case, the county moved for dismissal under Tax Court Rule (TCR) 60. Taxpayers did not object to the county's motion and offered no argument against it, except to repeat taxpayers' position that Oregon's property tax system violates the United States Constitution. The court granted the county's motion as to the value of taxpayers' property, *see Freitag v.*

*Dept. of Rev.*, 18 OTR 368, 374-75 (2005) (granting motion to dismiss where taxpayers presented no evidence to support their valuation), but left open the question whether Oregon's property tax system is constitutional.

## III. ISSUE

Does Oregon's property tax system violate Article I, section 9, clause 4, of the United States Constitution?

## IV. ANALYSIS

■ By the very structure of the United States Constitution, it is clear that the provisions of Article I, section 9, clause 4, comprise a limitation upon the power of Congress, not the states. *See Eisner v. Macomber*, 252 US 189, 205-06, 40 S Ct 189, 64 L Ed 521 (1920) (describing Article I, section 9, clause 4, as a "limitation upon the taxing power of Congress" that is "not to be overridden by Congress or disregarded by the courts"); *Pollock v. Farmers' Loan & Trust Co.*, 158 US 601, 15 S Ct 912, 39 L Ed 1108 (1895) (holding the same). Article I concerns itself with the composition and powers of Congress generally. Section 8 of that article enumerates the powers of Congress while section 9 enumerates certain limitations on those powers. That those limitations apply only to the federal government, and not the states, is underscored by other clauses of section 9. Clause 1, for instance, specifically mentions Congress in its temporary proscription against laws prohibiting the importation of slaves and other persons. Clause 8 prohibits the granting of titles of nobility "by the United States" and requires the "Consent of the Congress" before any U.S. officeholder may accept "any present, Emolument, Office, or Title" from a foreign power. Clause 4 itself refers to the census required by Article I, section 2, clause 3, which is explicitly a matter of Congressional power and duty. In contrast, Article I, section 10, enumerates various limitations on the power of the states, including prohibitions on certain forms of taxation such as imposts and duties on imports and exports, and duties of tonnage. Article I, section 10, however, contains no limitation on the power of the states to impose property taxes. Indeed, the claim that Article I, section 9, clause 4, of the United States Constitution limits the power of the states

to levy and collect property taxes is so unheard of that taxpayers can cite no case to support it.

On the contrary, the Supreme Court has respected the imposition of state property taxes since the earliest days of our nation. *See Pollock*, 158 US at 620 ("The States, respectively, possessed plenary powers of taxation. They could tax the property of their citizens in such manner and to such extent as they saw fit."); *id.* at 621 ("The founders anticipated that the expenditures of the States, their counties, cities, and towns, would chiefly be met by direct taxation on accumulated property."); *M'Culloch v. State*, 17 US 316, 428, 4 L Ed 579 (1819) ("[T]he power of taxing the people and their property is essential to the very existence of government, and may be legitimately exercised * * * to the utmost extent to which the government may chuse to carry it."); *id.* ("The people of a State, therefore, give to their government a right of taxing themselves and their property."); *see also Curtis v. Dept. of Rev.*, 17 OTR 414 (2004), *aff'd*, 338 Or 579, 112 P3d 330 (2005) (holding that "under the federal constitution the states retained unlimited authority in matters of taxation" except where trumped by, for instance, the Commerce Clause). "Indeed, Oregon has imposed such a tax from the time of its existence as a state." *Utterback v. Dept. of Rev.*, 17 OTR 276, 278 (2003). As this court has held: "The power of the State of Oregon to tax property derives from the status of the state as a sovereign and not from any provision of the United States Constitution." *Id.* at 279; *see also id.* (relying on *Pollock* and holding that "the Sixteenth Amendment to the United States Constitution did not grant any power to the State of Oregon to levy a direct tax on property"). In short, taxpayers' position is groundless.

In anticipation of that conclusion, both the department and the county ask the court to award damages under ORS 305.437.[1] ORS 305.437(1) requires this court to award to the department "damages in an amount not to exceed $5,000" when it finds that a taxpayer's position is, among other things, "frivolous or groundless."[2] ORS 305.437(2) states that

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.

[2] The county is not clear in its request for damages under ORS 305.437 whether it seeks those damages for itself, or only on behalf of the department. To

a position is frivolous "if there was no objectively reasonable basis for asserting the position." Such is the case here because the proposition that the states possess plenary power to tax property within their jurisdiction is now so firmly rooted in our nation's jurisprudence that it is beyond doubt. A recent statement of the court describes this case as aptly as it did the case to which it applied originally: "Taxpayers have not cited, and the court is not aware of, any authority that calls into question the power of the State of Oregon to impose a property tax." *Utterback*, 17 OTR at 278. As this court has warned: "Ordinary citizens without legal training are free to interpret the laws any way they choose. However, if their interpretations are contrary to those of the legislature and the Supreme Court, they do so at their peril." *Harvey v. Dept. of Rev.*, 11 OTR 407, 409 (1990). Those who are unable or unwilling to have an attorney represent them are not immune from statutory penalties, no matter how sincere their beliefs or fervent their arguments. *Id.* at 408.

■ Taxpayers offered this court almost nothing in favor of their claims beyond the mere assertion that, because "the Constitution of the United States [is] the Supreme law of the Land, it means what it says." That is no argument, let alone an objectively reasonable one. *See Utterback*, 17 OTR 281 (awarding damages under ORS 305.437 where the taxpayers presented the court with research and writing in support of their position that was "both wrong and frivolous"). Moreover, taxpayers made almost the exact same argument to the Magistrate Division, and that division relied on the exact same sources as this division does in coming to the exact same conclusion. That fact underscores the unreasonableness of taxpayers' position. *See Patton I v. Dept. of Rev.*, 18 OTR 111, 128 (2004) (holding the same under a similar statute, ORS 20.105 (2003)). Indeed, during a case management conference prior to trial, the court encouraged taxpayers to find and read *Utterback*, in which the court granted damages under ORS 305.437 after the taxpayers had made arguments

---

the extent that the county seeks damages for itself, the court may not grant them: the text and context of ORS 305.437 make clear that the statute allows the court to award damages only to the department. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (setting out framework for statutory interpretation). To the extent that the county seeks damages on behalf of the department, it may not do so.

similar to those advanced by taxpayers here. When taxpayers have been pointed to the very authority on which the court relies to find their claims unreasonable, and they persist in maintaining the action, their position is utterly without merit. *See Gall v. Dept. of Rev.*, 17 OTR 352 (2004) (awarding damages under ORS 305.437 in similar circumstances). In short, the lack of any objectively reasonable claim or argument by taxpayers renders an award of damages appropriate in this case. *See Gall*, 17 OTR at 355-56 (describing how frivolous claims waste government resources paid for by the taxpayer's fellow citizens).[3]

The court orders taxpayers to pay $2,000 to the department as damages under ORS 305.437. Any request for attorney fees, costs, and disbursements should be made in accordance with TCR 68, as amended, effective January 1, 2006.

## V. CONCLUSION

The court concludes that taxpayers' arguments are frivolous and deserving of an award of damages under ORS 305.437. Now, therefore,

IT IS DECIDED that Oregon's property tax system does not violate Article I, section 9, clause 4, of the United States Constitution; and

IT IS ORDERED that Plaintiffs shall pay Defendant Department of Revenue damages in the amount of $2,000 under ORS 305.437.

---

[3] Taxpayers have come before this court before, with similar results. *See Newton v. Dept. of Rev.*, 17 OTR 348 (2004) (dismissing taxpayers' complaint after taxpayers made unreasonable demands on the magistrate assigned to their case and subsequently failed to prosecute the case).