T.C. Memo. 2013-12

UNITED STATES TAX COURT

LAUREL ANN CURTIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5657-10.                     Filed January 14, 2013.

Laurel Ann Curtis, pro se.[1]

Kimberly L. Clark and Aimee R. Lobo-Berg, for respondent.

---

[1]Petitioner was represented by counsel Ronald H. Hoevet throughout the pretrial proceedings. When petitioner's case was called for trial, however, Mr. Hoevet moved for leave to withdraw as counsel on grounds that he could not "assert a position unless there is a basis of law and fact for doing so that is not frivolous." Respondent did not object to this motion, which the Court granted.

**[\*2]**      MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Chief Judge</u>:  Respondent determined the following

deficiencies in and additions to petitioner's Federal income tax:[2]

|  | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(f) | Sec. 6651(a)(2)[1] | Sec. 6654 |
| 1994 | $13,579 | $9,845 | $3,395 | $700 |
| 1995 | 12,568 | 9,112 | 3,142 | 686 |
| 1996 | 191,576 | 138,893 | 47,894 | 10,197 |
| 1997 | 161,180 | 116,856 | 40,295 | 8,683 |
| 1998[2] | 23,716 | 17,194 | 5,929 | 1,076 |

[1]On brief respondent conceded that petitioner is not liable for additions to tax under sec. 6651(a)(2) for taxable years 1994 through 1997.
[2]In his answer respondent conceded that there is no deficiency or addition to tax for tax year 1998.

The issues for decision are:  (1) whether petitioner is required to include in

income certain amounts she received as rental income during tax years 1994, 1995,

and 1996[3]; (2) whether petitioner is required to include in income certain

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the relevant taxable years, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

[3]In the stipulation of settled issues the parties agreed to the amounts of rental income petitioner received during tax years 1994 through 1997.  In agreeing to these amounts, respondent conceded that petitioner did not receive rental

(continued...)

[*3] amounts she received as capital gain income from the sale of real property during tax years 1996 and 1997[4]; (3) whether petitioner's failure to file Federal income tax returns for the tax years 1994 through 1997 (years at issue) was fraudulent within the meaning of section 6651(f);[5] (4) whether the section 6654 addition to tax applies to petitioner's failure to pay estimated taxes for the years at issue; and (5) whether the Court should impose a penalty on petitioner under section 6673(a)(1).

---

[3](...continued)
income of $16,233, $15,533, $15,589, and $37,268 for tax years 1994, 1995, 1996, and 1997, respectively, as determined in the notice of deficiency.

[4]In the stipulation of settled issues the parties agreed to the amount of net capital gain income petitioner received from the sale of real property during tax years 1996 and 1997. In agreeing to these amounts, respondent conceded that petitioner did not receive $106,900 in capital gain income during tax year 1997, as determined in the notice of deficiency.

[5]Respondent argues that if the Court does not find petitioner liable for the addition to tax pursuant to sec. 6651(f) for the years at issue, the Court should find petitioner liable in the alternative for the sec. 6651(a)(1) addition to tax for the years at issue.

[*4]                          FINDINGS OF FACT

The parties have stipulated some facts, which we find accordingly.[6]  The stipulation of facts together with the attached exhibits is incorporated herein by this reference.  When she filed her petition, petitioner lived in Oregon.

Real Estate Activities

During the years at issue petitioner owned rental properties in Portland, Oregon.  Petitioner rented these properties and received rental income from tenants.  During 1996 and 1997 petitioner sold some of the properties.  She received income from her real estate activities as follows:

---

[6]At trial petitioner stated that she wanted to "challenge some of the figures and statements in the stipulated facts" because she signed the stipulation of facts without having "the information in order to act appropriately."  Stipulations are generally treated as "conclusive admissions".  Rule 91(e).  We may disregard stipulations where justice so requires if the evidence contrary to the stipulation is substantial or the stipulation is clearly contrary to the facts disclosed by the record.  Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989); see Loftin & Woodward, Inc. v. United States, 577 F.2d 1206, 1232 (5th Cir. 1978); Jasionowski v. Commissioner, 66 T.C. 312, 317-318 (1976).  Petitioner did not specify the stipulations with which she disagreed and did not address the issue on brief.  Accordingly, we do not set aside the stipulations because petitioner presented no evidence contrary to them and because we treat petitioner's failure to address the issue on brief, in effect, as a concession.  See Rule 151(e)(4) and (5); Sundstrand Corp. & Subs. v. Commissioner, 96 T.C. 226, 344 (1991).

**[\*5]**

| Year | Net Rents Received[1] | Net Capital Gains Received |
|------|------|------|
| 1994 | $48,700 | -0- |
| 1995 | 46,600 | -0- |
| 1996 | 46,767 | [2]$477,000 |
| 1997 | -0- | [3]320,000 |

[1]These amounts reflect respondent's concessions discussed <u>supra</u> note 3.

[2]In 1996 petitioner received $249,000 in net capital gains from the sale of real property at 1412-1418 SE 23rd Ave., in Portland, Or. and $228,000 in net capital gains from the sale of real property at 2312 SE Madison St., Portland, Or.

[3]This amount reflects respondent's concession, as discussed <u>supra</u> note 4. Petitioner received $320,000 in net capital gains from the sale of real property at 1622 SE 32nd Pl., in Portland, Or.

<u>Tax-Protester Activities and First Tax Court Case</u>

In the early 1980s after attending a seminar by Irwin Schiff and reading one of his books petitioner decided to stop filing Federal income tax returns.[7] She has not filed a Federal income tax return since 1983.

---

[7]Irwin Schiff is the author of several publications, including The Biggest Con: How the Government is Fleecing You (1976); How Anyone Can Stop Paying Income Taxes (1982); and The Federal Mafia: How It Illegally Imposes and Unlawfully Collects Income Taxes (1990). His activities in protest of the tax laws are well known to this Court. <u>See, e.g.</u>, <u>Carrillo v. Commissioner</u>, T.C. Memo. 2005-290; <u>Schiff v. Commissioner</u>, T.C. Memo. 1992-183. Schiff has been convicted of numerous tax-related crimes, including conspiracy to defraud the Government for the purpose of impeding and impairing the Internal Revenue Service, assisting in the preparation of false income tax returns, tax evasion, and filing false income tax returns. <u>See</u> <u>United States v. Cohen</u>, 510 F.3d 1114, 1117 n.2 (9th Cir. 2007).

In 1996 Mr. Schiff incorporated Freedom Foundation, Inc., in Nevada to propagate his views concerning the voluntary nature of the income tax. Petitioner was listed as the treasurer of Freedom Foundation, Inc., from 1996 through 1999.

**[\*6]**  On June 22, 1995, after respondent sent her notices of deficiency for tax years 1983 through 1993, petitioner filed a petition in this Court.[8]  Mr. Schiff assisted her in preparing for her first Tax Court case, and she unsuccessfully attempted to call him as an expert witness during the trial.  At the time, petitioner was aware that Mr. Schiff had previously been convicted, fined, and imprisoned for willfully failing to file Federal income tax returns.  On October 28, 1996, this Court issued its opinion in petitioner's first Tax Court case, sustaining the Commissioner's determination that rents petitioner had received were taxable income to her and that she was liable for additions to tax under sections 6651(a)(1) and 6654(a).  Curtis v. Commissioner, T.C. Memo. 1996-484, rev'd and remanded without published opinion, 232 F.3d 893 (9th Cir. 2000).  The Court also imposed

---

[8]Petitioner also filed a complaint regarding tax years 1983 through 1993 with the Oregon Tax Court.  On June 30, 2004, the Oregon Tax Court issued its opinion in that case, finding that rental income petitioner received was taxable by the State. The court also awarded the Oregon Department of Revenue $5,000 in damages, as well as attorney's fees because it found that "[t]here is no objectively reasonable basis for * * * [petitioner's] legal positions."  Curtis v. Dep't of Revenue, 17 Or. Tax 414, 424-425 (Or. T.C. 2004).  On June 3, 2005, the Supreme Court of Oregon affirmed the decision.  Curtis v. Dep't of Revenue, 112 P.3d 330 (Or. 2005).

**[*7]** a $15,000 penalty on petitioner pursuant to section 6673(a), having found that she "never substantively addressed the pertinent issues" in her case but instead "asserted absurd, discredited, and misguided tax-protester arguments". Id.[9]

After her first Tax Court case, petitioner continued to espouse her tax-protester beliefs. On April 15, 1998, she handed out antitax documents at a post office in Portland, Oregon. In 1999 she wrote a book entitled "IRS Exposed: Bullies, Liars, Thieves, The True Account of How One Woman Fought the Shameful Abuse of the IRS and Won". The documents and the book advanced petitioner's view regarding the voluntary nature of the income tax system and encouraged readers not to file Federal income tax returns.

---

[9]On appeal, the U.S. Court of Appeals for the Ninth Circuit remanded the case for clarification as to the evidence this Court relied upon in its findings regarding the amounts of petitioner's unreported income. See Curtis v. Commissioner, 232 F.3d 893 (9th Cir. 2000), rev'g and remanding T.C. Memo. 1996-484. On remand, this Court reentered its original order and decision. See Curtis v. Commissioner, T.C. Memo. 2001-308, aff'd in part and rev'd in part, 73 Fed. Appx. 200 (9th Cir. 2003). Petitioner appealed that decision to the Court of Appeals for the Ninth Circuit, which affirmed most of this Court's findings, including the imposition of the sec. 6673(a) penalty, and reversed and remanded the case for clarification of a discrepancy regarding one of the tax years. See Curtis v. Commissioner, 73 Fed. Appx. 200. On August 19, 2004, we entered a decision in that case.

**[*8]** <u>Audit for the Years at Issue</u>

In April 1998 respondent contacted petitioner and requested that she provide bank records, business records, and other materials that would be relevant in determining her income for the years 1994 through 1998. The following month petitioner met with respondent's revenue agent but did not provide the requested documents. Instead, she argued with the revenue agent and questioned her authority. On June 19, 2001, petitioner met with respondent's revenue agent and the revenue agent's manager but again provided no documents. At this second meeting, petitioner again argued with the revenue agent and questioned her authority.

Because petitioner did not provide the requested documentation, respondent's revenue agent summoned banks and other third parties in an attempt to reconstruct petitioner's income. The summonses indicated that petitioner had rental income and property sales income during the years 1994 through 1998. Respondent then prepared substitutes for returns (SFRs) on petitioner's behalf pursuant to section 6020(b).

[*9]                              OPINION

I.  Statute of Limitations

    Petitioner argues that the limitations periods for assessing her tax for the

years at issue have expired.  Petitioner is mistaken.  The limitations period on

assessment begins to run only after a taxpayer files a return.  See sec. 6501(a);

McCormack v. Commissioner, T.C. Memo. 2009-233.  If a taxpayer does not file a

return, then "the tax may be assessed, or a proceeding in court for the collection of

such tax may be begun without assessment, at any time."  Sec. 6501(c)(3).  SFRs

prepared by the Commissioner do not start the running of the period of limitations

on assessment and collection.  Sec. 6501(b)(3).  Petitioner did not file Federal

income tax returns for the years at issue.  Accordingly, the periods of limitation on

assessment and collection have not expired.

II.  Petitioner's Unreported Income

    The Commissioner's determinations in a notice of deficiency are generally

presumed correct, and the taxpayer bears the burden of proving that those

determinations are incorrect.[10]  Rule 142(a)(1).

---

[10]Although sec. 7491 may shift the burden to the Commissioner in certain
circumstances, the section is applicable only to court proceedings that arise in
connection with examinations commencing after July 22, 1998.  See Williams v.
Commissioner, 123 T.C. 144, 146 n.3 (2004); Nis Family Trust v. Commissioner,
                                                            (continued...)

[*10] Petitioner did not file Federal income tax returns for the years at issue and stipulated that she received income from rents and capital gains during those years. Therefore, respondent has met his burden of establishing an evidentiary foundation showing that petitioner received unreported income. See Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). Gross income includes all income from whatever source derived, including rental income and gains from dealings in property. Sec. 61(a)(3), (5). Petitioner stipulated that she received the income but asserts, using arguments that this Court has long deemed frivolous, that the income was not taxable income within the meaning of the law.[11] Petitioner failed to show that the income was not taxable or that she

---

[10](...continued)
115 T.C. 523, 537 (2000). The examination in this case commenced in April 1998; therefore, sec. 7491 is not applicable.

[11]Petitioner offers numerous arguments generally objecting to the imposition of an income tax, including: (1) there can be no deficiency unless a return was filed; (2) the Commissioner has no authority to assess an estimated tax unless it is a tax payable by stamp; (3) only corporate entities can have income under sec. 61; (4) respondent is not legally authorized to prepare a substitute for return; (5) real estate rents are not subject to the income tax authorized by the Sixteenth Amendment; and (6) no U.S. citizen is statutorily liable for an income tax. Petitioner's meritless arguments have repeatedly been rejected by this and other courts. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), aff'g T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th
(continued...)

**[*11]** received any less than the amounts stipulated during the years at issue.

Accordingly, we sustain respondent's adjustment in those amounts.[12]

III.  Additions to Tax and Penalties

A.  Section 6651(f) Failure To File Addition to Tax

Petitioner did not file Federal income tax returns or pay income tax,

including estimated tax, for 1994 through 1998.  Respondent determined that

_____

[11](...continued)
Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), aff'g T.C. Memo. 1983-433; Wnuck v. Commissioner, 136 T.C. 498 (2011); Lawson v. Commissioner, T.C. Memo. 2009-147; Turner v. Commissioner, T.C. Memo. 2004-251.  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

[12]Petitioner's argument that the SFRs respondent prepared are invalid because respondent failed to comply with sec. 6020(b) is meritless.  Sec. 6020(b) allows the Secretary (or other authorized internal revenue officer or employee) to prepare a return "from his own knowledge and from such information as he can obtain through testimony or otherwise."  See also sec. 301.6020-1(a)(1), Proced. & Admin. Regs.  The regulations provide that a substitute for return is valid if it "identifies the taxpayer by name and taxpayer identification number, contains sufficient information from which to compute the taxpayer's tax liability, and purports to be a return."  Sec. 301.6020-1(b)(2), Proced. & Admin. Regs.  Additionally, the return must be signed by an internal revenue officer or employee to signify that the officer or employee has "adopted the document as a return for the taxpayer."  Id.  The SFRs respondent prepared are valid under the regulations.  See Malone v. Commissioner, T.C. Memo. 1998-372 (finding that taxpayers failed to state a claim upon which relief could be granted when they argued that SFRs not signed by taxpayers were invalid).

**[\*12]** petitioner's failure to file was fraudulent and that she is liable for section 6651(f) additions to tax.[13]  Respondent must establish by clear and convincing evidence that petitioner's failure to file was an intentional attempt to evade tax known to be owing.  See sec. 7454(a); Rule 142(b); Maciel v. Commissioner, 489 F.3d 1018, 1026 (9th Cir. 2007), aff'g in part, rev'g in part T.C. Memo. 2004-28; Estate of Trompeter v. Commissioner, 279 F.3d 767, 773 (9th Cir. 2002), vacating and remanding 111 T.C. 57 (1998); Conforte v. Commissioner, 692 F.2d 587, 592 (9th Cir. 1982), aff'g in part, rev'g in part 74 T.C. 1160 (1980).

In deciding whether a failure to file is fraudulent under section 6651(f), we consider the same elements that are considered in imposing the addition to tax for fraud under section 6663 and former section 6653(b).  Clayton v. Commissioner, 102 T.C. 632, 653 (1994).  Those elements are:  (1) the existence of an underpayment and (2) fraudulent intent with respect to some portion of the underpayment.  See Petzoldt v. Commissioner, 92 T.C. 661, 698-699 (1989). There is no question that petitioner has an underpayment for each year at issue since she stipulated, and we determined, that she had taxable income during the years at issue but failed to pay tax for any of those years.  Further, petitioner does

_____

[13]As previously noted, respondent has conceded that petitioner has no deficiency and is not liable for additions to tax for 1998.

**[\*13]** not argue that she is entitled to any credits or deductions for the years at issue that would negate any underpayment.

Fraudulent intent is a question of fact that must be considered on the basis of an examination of the record and the taxpayer's course of conduct, drawing reasonable inferences therefrom. Spies v. United States, 317 U.S. 492, 499 (1943); Petzoldt v. Commissioner, 92 T.C. at 699. Because fraudulent intent can seldom be established by direct proof, it may be proved by circumstantial evidence. See Clayton v. Commissioner, 102 T.C. at 647; Petzoldt v. Commissioner, 92 T.C. at 700. Thus, intent to defraud may be inferred from any conduct the likely effect of which would be to conceal, mislead, or otherwise prevent the collection of taxes believed to be owing. Spies, 317 U.S. at 499.

Courts look to a nonexclusive list of factors, or "badges of fraud", to determine whether fraudulent intent exists. Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992). They include: (1) failure to file income tax returns; (2) failure to maintain adequate records; (3) failure to cooperate with tax authorities; (4) assertion of frivolous arguments and objections to the tax laws; (5) lack of credibility in testimony; (6) failure to make estimated tax payments; (7) understatement of income; and (8) concealment of income. See Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), aff'g Norman v. Commissioner,

**[\*14]** T.C. Memo. 1987-265; Bradford v. Commissioner, 796 F.2d 303, 307-308

(9th Cir. 1986), aff'g T.C. Memo. 1984-601; Recklitis v. Commissioner, 91 T.C.

874, 910 (1988).  No single factor is determinative of fraud; however, the existence

of several indicia may constitute persuasive circumstantial evidence of fraud.

Niedringhaus v. Commissioner, 99 T.C. at 211; Petzoldt v. Commissioner, 92 T.C.

at 700.  The taxpayer's background and the context of the events in question may

also be considered circumstantial evidence of fraud.  Spies, 317 U.S. at 497;

Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), aff'g T.C. Memo.

1970-274.  We address the badges of fraud individually.

### 1. Failure To File Income Tax Returns

Petitioner did not file Federal income tax returns for the years at issue and has

an extended history of not filing returns, dating back to 1983.  Considering the

extent of her communication with various taxing authorities and her involvement in

prior Tax Court litigation, it is clear that petitioner knew that her income was

taxable and that she had a requirement to file income tax returns.  Petitioner's

argument and testimony that she believed she should not have to file returns are

irrelevant.  A belief that the tax laws are unconstitutional and should not apply is not

a sufficient defense to fraud.  Niedringhaus v. Commissioner, 99 T.C. at 219

**[*15]** (citing <u>Cheek v. United States</u>, 498 U.S. 192, 205-206 (1991)).  This factor weighs heavily against petitioner.

### 2.  Failure To Maintain Adequate Records

Petitioner failed to maintain books and records to document her income during the years at issue.  Petitioner argues that she did not keep records because she "never received any notice from the Secretary or his delegate either to keep records or to file a return."  Taxpayers are required to maintain sufficient records to allow the Commissioner to determine their correct Federal income tax liabilities.  Sec. 6001.  Petitioner's argument that she did not keep records because she did not receive notice is specious, and her failure to maintain books and records is evidence of fraudulent intent.

### 3.  Failure To Cooperate With Tax Authorities

Petitioner failed to comply with respondent's multiple requests to provide books and records or otherwise cooperate with respondent.  During the course of her audit, petitioner argued with respondent's revenue agent and raised frivolous arguments regarding the agent's authority.  Petitioner's refusal to cooperate prolonged her audit, as respondent was forced to summon bank and title companies to obtain information about her income.  Failure to cooperate with revenue agents during an audit indicates an intention to evade the payment of tax.

**[*16]** <u>See</u> <u>Baumgardner v. Commissioner</u>, 251 F.2d 311, 323 (9th Cir. 1957), <u>aff'g</u> T.C. Memo. 1956-112; <u>Prof'l Servs. v. Commissioner</u>, 79 T.C. 888, 933 (1982); <u>Temple v. Commissioner</u>, T.C. Memo. 2000-337, <u>aff'd</u>, 62 Fed. Appx. 605 (6th Cir. 2003). Accordingly, this factor weighs against petitioner.

### 4. <u>Assertion of Frivolous Arguments and Objection to the Tax Laws</u>

As discussed above, petitioner asserted arguments that have long been deemed frivolous, irrelevant, and otherwise totally lacking in merit. Such arguments, coupled with affirmative acts designed to evade Federal income tax, support a finding of fraud. <u>See</u> <u>Mooney v. Commissioner</u>, T.C. Memo. 2011-35; <u>Chase v. Commissioner</u>, T.C. Memo. 2004-142; <u>Houser v. Commissioner</u>, T.C. Memo. 2000-111. Petitioner's continued assertion of frivolous arguments, her association with known tax protesters such as Irwin Schiff, her failure to file returns since 1983, and her activities to encourage others to adopt her tax-protester beliefs demonstrate a clear intent to evade the assessment and collection of tax. This factor weighs heavily against petitioner.

### 5. <u>Lack of Credibility in Testimony</u>

Petitioner asserted only frivolous arguments at trial. This factor weighs against petitioner. <u>See</u> <u>Laurins v. Commissioner</u>, 889 F.2d at 913.

**[\*17]**      6. <u>Failure To Make Estimated Tax Payments</u>

Petitioner made no estimated tax payments for the years at issue. This factor weighs against petitioner. <u>See</u> <u>Bradford v. Commssioner</u>, 796 F.2d at 307-308.

7. <u>Understatement of Income</u>

Petitioner failed to report taxable income for the four years at issue and has not filed a Federal income tax return since 1983. She stipulated, however, that she received significant rental and capital gains income during the years at issue. Consistent failure to report substantial amounts of income over a number of years is highly persuasive evidence of fraudulent intent. <u>See</u> <u>Temple v. Commissioner</u>, T.C. Memo. 2000-337. This factor weighs heavily against petitioner.

8. <u>Concealment of Income</u>

Respondent argues that, following her first Tax Court case, petitioner sold many of her rental properties for cash and transferred others to a partnership that she controlled in order to conceal her assets and financial affairs from respondent. Petitioner counters that she formed the partnership on the advice of an attorney for estate planning reasons and that she sold the properties because her failing health prevented her from being able to maintain them. We need not and do not decide this issue because even if it were favorable to petitioner, the other factors

[*18] discussed above are clearly sufficient to establish fraud without regard to whether she concealed income.

### 9. Conclusion

Considering all the facts and circumstances, we conclude that the record shows by clear and convincing evidence that petitioner understated her income and that her failure to file returns was fraudulent. We hold that petitioner is liable for additions to tax under section 6651(f) for the taxable years at issue.

### B. Section 6654(a) Failure To Pay Estimated Tax Addition to Tax

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". A taxpayer generally has an obligation to pay estimated income tax for a particular year only if he or she has a required annual payment for that year. Sec. 6654(d).

Petitioner's frivolous challenges to her obligation to pay tax do not specifically address any issue regarding this addition to tax. In addition, we have sustained respondent's determination that petitioner had a Federal income tax liability for each of the years at issue, and she does not dispute that she failed to make estimated tax payments for the years at issue. Petitioner also neither argued nor established any of the defenses enumerated in section 6654(e).

**[\*19]** We deem petitioner to have conceded this issue and sustain respondent's

determination as to the additions to tax under section 6654(a).  See Holmes v.

Commissioner, T.C. Memo. 2010-42.

C.  Section 6673(a)(1) Penalty

Respondent has moved for a penalty under section 6673(a)(1), which

authorizes the Court to impose a penalty of up to $25,000 if the taxpayer took

frivolous or groundless positions in the proceeding, instituted or maintained the

proceeding primarily for delay, or unreasonably failed to pursue available

administrative remedies.

Petitioner has based her entire case on frivolous and groundless positions.

She made these arguments in several written submissions to the Court and through

her testimony at trial.  Petitioner's numerous and lengthy filings have caused this

Court and respondent to waste significant time and resources.  She has maintained

her positions for many years despite repeated warnings and the imposition of a

$15,000 penalty pursuant to section 6673(a) in her first Tax Court case.  We are

convinced she has instituted and maintained these proceedings primarily for delay.

Moreover, she has unreasonably failed to pursue available administrative

remedies; as previously discussed, she refused to cooperate during her audit.

Consequently, we shall grant respondent's motion for a penalty and require

**[\*20]** petitioner to pay a penalty of $25,000 to the United States pursuant to section 6673(a)(1).

The Court, in reaching its holdings, has considered all arguments made, and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.