Argued and submitted March 7, judgment of Tax Court affirmed April 13, petition for reconsideration denied July 5, 2000

William Ray SMITH,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent,*

DOUGLAS COUNTY ASSESSOR,
*Intervenor below.*

(OTC 4407; SC S46823)

998 P2d 675

William Ray Smith, *pro se*, Days Creek, argued the cause and filed the brief for appellant.

Robert W. Muir, Assistant Attorney General, Salem, argued the cause for respondent. Wendy Sanderson, Assistant Attorney General, filed the brief for respondent. With her on the brief was Hardy Myers, Attorney General.

Paul E. Meyer, Douglas County Counsel, Roseburg, filed the brief for intervenor Douglas County Assessor.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Taxpayer challenges the right of the Douglas County Tax Assessor to assess taxes on land that taxpayer acquired pursuant to a federal mining patent. The Oregon Tax Court dismissed the challenge. Taxpayer appeals. We affirm.

██ Taxpayer asserts that his land is exempt from state taxation. All real property within the state is taxable under ORS 307.030. ORS 307.010 defines real property as:

> "the land itself, above or under water; all buildings, structures, improvements, machinery, equipment or fixtures erected upon, above or affixed to the same; all mines, minerals, quarries and trees in, under or upon the land; all water rights and water powers and all other rights and privileges in any wise appertaining to the land; and any estate, right, title or interest whatever in the land or real property, *less than the fee simple*."

(Emphasis added.) Taxpayer argues that his land is not subject to taxation under the statute because he holds title in fee simple. According to taxpayer, only property that is held in less than fee simple is subject to taxation. The Department of Revenue (department) responds that the phrase "less than the fee simple" modifies only the wording that appears after the last semicolon in the statutory definition of "real property," *viz.*, "any estate, right, title or interest whatsoever in the land." According to the department, the statute, when so read, defines "real property" to include both land held in fee simple and land held in less than fee simple. We agree with the department.

Taxpayer further argues that his patent conveys to him the federal government's "immunity" from taxation. Taxpayer's patent grants land to him to hold

> "together with all the rights, privileges, *immunities*, and appurtenances of whatsoever nature thereunto belonging unto the said grantee above named * * *."

(Emphasis added.) Land held by the federal government is tax-exempt, ORS 307.040, and taxpayer argues that one of the "immunities" granted to him in his patent is the federal government's immunity from taxation.

The department relies on *Crawford v. Dept. of Rev.*, 14 OTR 554 (1999), in which the Tax Court addressed an argument virtually identical to taxpayer's, concluding:

"First, the United States government cannot confer its privileges and immunities upon patent grantees. Second, the rights, privileges, and immunities recited in the patent are those appended to or attached to the land, not those inherent in the federal government."

14 OTR at 556. We agree with the Tax Court's analysis in *Crawford*. The judgment of the Oregon Tax Court is affirmed.