Gary Alan CLARK,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4426)

Gary Alan Clark, Plaintiff (taxpayer), filed a motion *pro se.*

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed a response for Defendant (the department).

Decision for Defendant rendered September 8, 2000.

**CARL N. BYERS, Judge.**

This matter is before the court on Plaintiff's (taxpayer) Motion for Reconsideration and Motion for Postponement of Judgment. Taxpayer seeks reconsideration of the court's order filed July 31, 2000, denying his motion for summary judgment and granting Defendant Department of Revenue's (the department) Motion for Summary Judgment and Motion for Frivolous Appeal Damages. Taxpayer asserts that the court's order fails to cite the specific statutes and cases that impose a tax upon him. Taxpayer also asserts that the court fails to address his arguments concerning withholding of income taxes.

The court did not cite specific statutes or cases because it considered it a waste of judicial resources. However, on reconsideration, the court concludes that an explanation may be of some benefit to some members of the public. Therefore, the court will briefly recite the laws that impose an income tax on taxpayer's earnings.

ORS 316.037(1)(a)[1] provides, in part, that:

"A tax is imposed for each taxable year on the entire taxable income of every resident of this state." (Taxpayer is a resident.)

ORS 316.022(6) defines taxable income as:

" 'Taxable income' means the taxable income as defined in subsection (a) or (b), section 63 of the Internal Revenue Code, with such additions, subtractions and adjustments as are prescribed by this chapter."

Internal Revenue Code (IRC) section 63(a) (1996) states, in part, that:

" '[T]axable income' means gross income minus the deductions allowed by this chapter * * *."

IRC § 61(a) states, in part:

"Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) * * *

"(1) Compensation for services, including fees, commissions, fringe benefits, and similar items."

The above are the statutory provisions that subject taxpayer's earnings, which are "compensation for services" rendered to his employer, to income tax by the state of Oregon.

ORS 316.167(1) provides, in part:

"Every employer at the time of the payment of wages to any employee shall deduct and retain from such wages an amount determined, at the employer's election, either (a) by a 'percentage method' withholding table or (b) by 'wage

---

[1] All references to the Oregon Revised Statutes are to 1995.

bracket' withholding tables, prepared and furnished under the rules and regulations of the department. * * *"

ORS 316.162(2) states, in part:

" 'Wages' means remuneration for services performed by an employee for an employer, including the cash value of all remuneration paid in any medium other than cash * * *." (With some exceptions not applicable here.)

Those two statutes are the legal authority obligating taxpayer's employer to withhold income tax from his earnings.

Based upon taxpayer's extensive brief and memorandum, the court doubts whether taxpayer will accept the explanation set forth above. For example, taxpayer states:

"Thus, plaintiff does not acquiesce that his earnings paid by his employer constitute word-of-art, statutory 'wages', particularly if this Court interprets any remuneration designated (by whatever means, including an incorrect Form W-2) as 'wages' to then be subject to mandatory income taxation without further question."

Taxpayer's obdurateness unnecessarily increases the public's expense of administering the income tax laws. The public should not have to suffer increased tax burdens because particular individuals use state resources to espouse views that are frivolous or groundless. Accordingly, the legislature has authorized the court to award damages in such cases. *See* ORS 305.437. The court will award the department $3,000 in damages.

Having reconsidered the court's order filed July 31, 2000, the court finds that such order should stand. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is granted, but Plaintiff's Motion for Postponement of Judgment is denied; and

IT IS FURTHER ORDERED that the court's Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment and Motion for Frivolous Appeal Damages filed July 31, 2000, stands; and

IT IS FURTHER ORDERED that Defendant is awarded damages against Plaintiff in the amount of $3,000.