This matter is before the court on Defendant Department of Revenue's (the department) Motion to Strike, Motion to Dismiss, Motion for Frivolous Appeal Damages, and Motion for Attorney Fees Filed in Response to Plaintiff's Amended Complaint and Third Amended Complaint. This court has both subject matter jurisdiction under ORS 305.405[1] and personal jurisdiction over the Plaintiff (taxpayer) who instituted this proceeding.
Given the disposition of the department's motion to dismiss, it is unnecessary to discuss or rule on the department's motion to strike.
Motion to Dismiss
The department has moved for dismissal of taxpayer's Complaint with prejudice, because it fails to state a claim. Taxpayer has made two claims in this proceeding, and each will be analyzed separately as to whether they are well stated.
Claim for Cancellation of Assessment
Taxpayer admits in his pleadings that he is a citizen of the state of Oregon (Ptf's Am Compl ¶ 26, at 6) and that he was paid "earnings" by his employer in exchange for his services. (Ptf's Am Compl ¶ 31, at 7.)
The department's assessments assert the "earnings" are income subject to taxation, given that Oregon personal income tax extends to all income of an Oregon resident.[2] For taxpayer to state a claim in this matter, he must identify an Oregon statute providing for a tax exemption, and, if successful, allege sufficient facts to bring himself within the protection of the identified statute. Taxpayer does neither. Instead, he asserts that he is entitled to specify that his "earnings" are not taxable income under federal law and therefore are not included in the definition of Oregon taxable income under the Oregon statutes that are generally "connected" to federal tax law. (Ptf's Am Compl ¶¶ 33-34, at 7; ¶¶ 72-75, at 13-14.)
Taxpayer mistakenly assumes that his interpretation of federal tax law concerning treatment of his "earnings" is binding on the state of Oregon, which is not the correct law. Ultimately, disputes regarding the meaning of federal income tax terms may have to be litigated between taxpayer and the state of Oregon. An interpretation of federal law by a federal court or agency may or may not be binding on the state of Oregon.
ORS 316.032. The failure of the federal government to audit or adjust a taxpayer's federal return does not prevent the state of Oregon from asserting a deficiency. A taxpayer's unilateral interpretation of the meaning of the federal terms is obviously not binding upon the state of Oregon unless and until the department either agrees with that interpretation or the interpretation is found to be correct by the courts of the state of Oregon.
Taxpayer has been clearly instructed that there is no legal authority for his fundamental arguments. See Clark v. Dept. of Rev., 15 OTR 197
(2000) (Clark), on recons, 15 OTR 209, aff'd 332 Or. 236, 26 P.3d 821
(2001), recons den July 2, 2002. (Clark I). Taxpayer has nonetheless proceeded with essentially the same arguments in this matter without specifying any statute, regulation, or case law supporting his combinations of individual statutes and cases.
Taxpayer's claim for relief with respect to the assessments issued by the department is dismissed, with prejudice, for failure to state a claim.
Withholding
Taxpayer requests this court to enter an order requiring the department to "cease its administrative interference with plaintiff's withholding orders to plaintiff's employer." (Ptf's Am Compl ¶ 98 at 17.) Taxpayer has not pleaded facts or law which, taken individually or together, would be a basis for his requested relief.
Taxpayer's claim regarding withholding is dismissed, with prejudice, for failure to state a claim.
Frivolous Appeal Damages
Positions essentially identical to those that taxpayer has raised in this case have been found to be frivolous for purposes of ORS 305.437(1).See Clark I. In Clark I a penalty of $3,000 was awarded against taxpayer. The logic of this court in awarding that penalty was that "taxpayer's obdurateness unnecessarily increases the public's expense of administering the income tax laws. The public should not have to suffer increased tax burdens because particular individuals use state resources to espouse views that are frivolous or groundless." Id at 211. The Supreme Court affirmed this court's views saying:
 "Taxpayer's views concerning the voluntary nature of the income tax system and the nontaxability of wages paid by private employers for an individual's labor, however honestly held, are so incorrect as to render legal arguments based on them frivolous." Clark v. Dept. Of Rev., 332 Or. 236, 237, 26 P.3d 821 (2001) (Clark II).
Taxpayer's positions are, as before, frivolous and groundless. The court awards the department $5,000 in damages under ORS 305.437.
Motion for Attorney Fees
The department has requested an award of attorney fees under ORS20.105(1). That statute provides for an award of reasonable attorney fees to the prevailing party when the claim against the party is found to have no objectively reasonable basis.
By the time taxpayer filed his Complaint in this matter with the Regular Division of the Tax Court, he had been told, in writing, that the legal position he advanced there and has subsequently advanced in this proceeding was "a wholly irrational view. It is akin to saying that the earth is flat. It is a view that is so patently distorted and removed from reality that the great majority of society look upon a person making such a statement with suspicion." Clark at 200. At his request, he was also provided with an opinion specifying the statutory and case law support for this court's conclusion. See generally Clark I. He had also received a Supreme Court opinion affirming the Judgment of this court on the merits and affirming this court's previous award of frivolous appeal damages. See generally Clark II. Finally, he received an order from the Supreme Court awarding attorney fees to the department under ORS 20.105
in respect of his appeal of this court's Judgment in his prior case, an award based on the frivolity of his position. (Def's mot to strike, Ex F.)
This court finds that there was no material change in the facts or legal principles asserted by taxpayer or dealt with by this court or the Supreme Court in his prior proceeding, as compared with those put forth in this proceeding. This court further finds that given both the underlying facts, as shown in the pleadings in this matter, and the prior actions of this court and the Supreme Court, there was no objectively reasonable basis for the claims asserted by taxpayer in his complaint and amended complaints before the Regular Division of this court. Now, therefore,
IT IS ORDERED that Defendant's motion to dismiss is granted, and
IT IS FURTHER ORDERED that Defendant's motion for frivolous appeal damages in the amount of $5,000 is granted, and
IT IS FURTHER ORDERED that Defendant's motion for attorney fees filed in response to Plaintiff's amended complaint and third amended complaint is granted, and
IT IS FURTHER ORDERED that Defendant is awarded its costs in this proceeding.
[1] All references to the Oregon Revised Statutes are to 2001.
[2] Taxpayer does not contest his status as an Oregon resident.