IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| TRACEY ANNE RUPEA and STEVEN BRYCE RUPEA, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 170246N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

This case concerns the deductibility under IRC section 170 of noncash and cash charitable contributions.[2] Plaintiffs (the Rupeas) appealed from the assessment notice of Defendant (the department) for 2014. Trial was held on January 3, 2018. Plaintiff Tracey Anne Rupea (Rupea) appeared and testified on behalf of the Rupeas. Tom Boettger, auditor, appeared and testified on behalf of the department. Plaintiffs' exhibits 1 to 5 were admitted without objection. Defendant's exhibits A and B were admitted without objection.

## I. STATEMENT OF FACTS

In 2014, the Rupeas made five sizeable donations of noncash items to the Salvation Army and additional cash contributions to their church and other charities. (Ptfs' Exs 2 at 1; 4 at 1.)

/ / /

/ / /

/ / /

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered March 6, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Internal Revenue Code (IRC) are to 2013.

The Rupeas reported the value of the five noncash donations as follows.

| Date of Gift | Value |
|---|---|
| January 5, 2014 | $2,285 |
| February 17, 2014 | $4,013 |
| March 7, 2014 | $1,797 |
| June 8, 2014 | $7,281 |
| June 15, 2014 | $2,012 |

(Ex 2 at 1–2, 7, 16, 22, 26.) Those donations were the Rupeas' surplus from combining two households, and included clothing, furniture, appliances, electronics, household items, and other items. (Ex 2.) At the time of each donation, a Salvation Army representative presented the Rupeas with a receipt that was signed, dated, and marked with a route number but otherwise blank. The Rupeas attached lists of donated goods to the receipts and annotated the receipts themselves—e.g. "see list." Each receipt contained the following three printed notices.

"Our work therapy for the handicapped is made possible through your gift."

* * * * *

"Contributions of goods are deductible for income tax purposes to the extent allowed by law."

* * * * *

"The Salvation Army does not fix an evaluation on your gift. That is the privilege and responsibility of the donor. Our drivers or helpers may not solicit or accept cash donations for services rendered."

(Ex 2 at 2.)

The Rupeas' cash donations included $2,240 in contributions to their church, of which $1,740 appeared on a "giving statement" issued by the church and $500 of which Rupea reported was "placed in offering and/or other church venues." (Ex 4.) Rupea testified that the additional church contributions and additional unspecified contributions to other charities were each individually less than $250.

The Rupeas' 2013 and 2014 federal returns were audited, primarily for items claimed on Schedule C. Although charitable contributions were not "formally" part of the audit, the Rupeas were told by their enrolled agent that during the meeting the examiner asked for documentation of charitable contributions. The enrolled agent's letter explaining this to the Rupeas was submitted into evidence, containing the following sentence: "Under penalty of perjury I can declare that I provided the [charitable contribution] documentation to Ms. Jill Mason, Tax Compliance Officer, from the Portland office of the Internal Revenue Service." (Ex 5 at 2.) The federal audit did not result in any adjustments to the Rupeas' claimed charitable contribution deductions.

The Rupeas were subsequently audited by the department. At the state audit, the Rupeas were allowed a $1,740 deduction for their cash contributions and no deduction for their noncash contributions. The Rupeas request the court to allow a deduction for the noncash contributions and an additional $1,485 deduction for cash contributions. The department requests the court to uphold its assessment.

## II. ANALYSIS

The issue in this case is whether the Rupeas' charitable contributions qualify for the deduction granted by IRC section 170. Because the Rupeas seek affirmative relief, they must bear the burden of proof. *See* ORS 305.427.[3]

Deductions granted by the IRC apply in Oregon because, subject to exceptions not pertinent here, Oregon's definition of taxable income matches the federal definition. *See* ORS 316.022(6); ORS 316.048. The court therefore relies on the IRC, as well as on federal tax regulations and other administrative and judicial interpretations of federal income tax law. *See*

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

ORS 316.032(2) (requiring department to apply and follow such authorities insofar as practicable).

Subsection (a) of IRC section 170 generally allows a deduction for charitable contributions, provided the contributions are "verified under regulations prescribed by the Secretary." IRC § 170(a)(1). Those regulations provide that, for each contribution of money, taxpayers must keep one of the following:

> "(i) A cancelled check.
>
> "(ii) A receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution. A letter or other communication from the donee charitable organization acknowledging receipt of a contribution and showing the date and amount of the contribution constitutes a receipt for purposes of this paragraph (a).
>
> "(iii) In the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution."

Treas. Reg. § 1.170A–13(a)(1).

No deduction may be taken for cash or noncash contributions of $250 or more unless the donee charity provides the donor with a written acknowledgment that contains the following information:

> "(i) The amount of cash and a description (but not value) of any property other than cash contributed.
>
> "(ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).
>
> "(iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.
> > For purposes of this subparagraph, the term 'intangible religious benefit' means any intangible religious benefit which is provided by an organization organized exclusively for religious purposes and which generally is not sold in a commercial transaction outside the donative context."

IRC § 170(f)(8). Additional documentation requirements apply for gifts exceeding $500, and for noncash gifts exceeding $5,000 the taxpayer must procure an appraisal. IRC § 170(f)(11). For purposes of determining whether a gift exceeds $5,000, "similar items of property" donated throughout the year to a single donee are treated as one gift. IRC § 170(f)(11)(F).[4]

The requirement that donee acknowledgments state whether goods or services were provided is "strict." *Oatman v. Comm'r*, 113 TCM (CCH) 1078 (2017) (stating cases allowing partial deductions for unverified contributions were superseded by enactment of Pension Protection Act in 2006). Since 2006, the U.S. Tax Court has "consistently held that the specific statement regarding whether goods or services were provided in consideration for the contributions, as required by section 170(f)(8)(B)(ii), is necessary for the allowance of a charitable contribution deduction." *Villareale v. Comm'r*, 105 TCM (CCH) 1464 (2013) (citing cases); *see also Linzy v. Comm'r*, 102 TCM (CCH) 482 (2011) (disallowing deduction where receipt did not state whether taxpayer had received goods or services in exchange for her contribution).

Surprisingly—and regrettably—the receipts given to the Rupeas by the Salvation Army did not state whether goods or services were provided in exchange for their gifts.[5] The cases make clear that no deduction is allowed for charitable contributions *per se*, but only for those contributions documented according to IRC section 170. Each of the Rupeas' five noncash

---

[4] "The phrase similar items of property means property of the same generic category or type, such as stamp collections (including philatelic supplies and books on stamp collecting), coin collections (including numismatic supplies and books on coin collecting), lithographs, paintings, photographs, books, nonpublicly traded stock, nonpublicly traded securities other than nonpublicly traded stock, land, buildings, clothing, jewelry, furniture, electronic equipment, household appliances, toys, everyday kitchenware, china, crystal, or silver." Treas. Reg. § 1.170A–13(c)(7)(iii).

[5] Surprising because the IRC requirement for a statement regarding goods and services was widely known in 2014, as demonstrated by the statement's presence on the "giving statement" from the Rupeas' local church.

donations exceeded $250 and so required a contemporaneous written acknowledgment stating whether goods and services were provided. Because the receipts did not contain that statement, no deduction may be allowed for the Rupeas' noncash contributions. *See* IRC § 170(f)(8)(A).

The Rupeas' cash contributions did not individually exceed $250 and so a written acknowledgement was not required. However, they were still required to be "verified under regulations prescribed by the Secretary." IRC § 170(a)(1). Those regulations required a canceled check, a receipt, or "other reliable written records." Treas. Reg. § 1.170A–13(a)(1). Here, the only written record of cash contributions beyond those on the giving statement—which were allowed already—is the Rupeas' summary statement that $500 was "placed in offering and/or other church venues." Because that statement does not provide the dates or the amounts of the various contributions, it does not meet the requirements of the regulation.

Finally, the Rupeas argued that because the federal audit did not result in an adjustment to their federal charitable contribution deduction, the department should likewise not adjust their state return. However, "[t]he failure of the federal government to audit or adjust a taxpayer's federal return does not prevent the state of Oregon from asserting a deficiency." *Clark v. Dept. of Rev.*, 16 OTR 51, 53 (2002), *aff'd*, 335 Or 419, 69 P3d 718 (2003).

### III. CONCLUSION

The Rupeas' charitable contributions are not deductible because they did not meet the substantiation requirements of IRC section 170(f)(8) and section 1.170A–13(a)(1) of the Treasury Regulations. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of March, 2018.


_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on March 26, 2018.*