IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GREGORY T. LAUER,                           )
                                            )
            Plaintiff,                      )      TC-MD 200253N
                                            )
      v.                                    )
                                            )
GRANT COUNTY ASSESSOR,                      )
                                            )      **ORDER GRANTING**
            Defendant.                      )      **DEFENDANT'S MOTION TO DISMISS**

This matter came before the court on Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted and Motion for Assessment of Damages and Fees (Motion), filed June 19, 2020. A case management conference was held on July 7, 2020, during which Plaintiff declined to file a written response to Defendant's Motion and requested to rely instead upon his June 8, 2020, filing (Response). Defendant filed its Reply in Support of Motion on July 24, 2020. This matter is now ready for the court's determination.

A.    *Plaintiff's Complaint and Supporting Arguments*

Plaintiff appealed the assessment of property identified as Account 6273 (subject property) for the 2017-18 through 2019-20 tax years. (Compl at 1; Ptf's Resp at 2 (correcting years at issue).) He explained the assessments were in error because "property listed is legally exempt from taxation as of May 31, 2017," and requested "cancellation of any and all property taxes and interest as of May 31, 2017." (Compl at 1.) The subject property is identified as "real property" in the county records. (*Id.* at 2; Ptf's Resp at 3.) It is located in Ritter, Oregon, and included both land and improvements as of the 2018-19 and 2019-20 tax years. (Ptf's Resp at 3.)

Plaintiff contends that both the State of Oregon and Defendant are without the power to tax private property and that the subject property in particular is exempt from any and all

taxation. (Ptf's Resp at 13; Compl at 1.) Plaintiff argues that "The People of Oregon reserved to themselves their property rights at common law in Article 18, Section 10" of the Oregon Constitution. (Ptf's Resp at 13.) He further argues that, rather than real property, the subject property is personal property held by land patent title, which renders it exempt from taxation. (Ptf's Resp at 20.) To support his argument, Plaintiff relies on ORS 307.190, which states "All items of tangible personal property held by the owner, * * * for personal use, benefit or enjoyment, are exempt from taxation." (*Id*.)

In support of his claims, Plaintiff provided a copy of the purported "Certificate of Acceptance of Declaration of Land Patent", signed by him on May 31, 2017, consisting of a recitation of his theories of the case.[1] (Ptf's Resp at 6-8.) Plaintiff attached to this document a copy of the original document transferring title to the land from the U.S. government to Albert F. Frederick in 1909, and a list of prior owners of the subject property since that time. (*Id* at 11-12.)

B.      *Defendant's Motion*

Defendant moves for dismissal of Plaintiff's Complaint, arguing that the state's power to tax real property is well established, that Plaintiff has failed to show how he is aggrieved, that Plaintiff has provided no viable reason why Defendant's assessments should be reversed or modified, and that Plaintiff failed to provide any legal authority that demonstrates why the subject property is exempt from taxation. (Def's Mot at 2.) Defendant seeks dismissal of the Complaint with damages, and attorney fees. (*Id*. at 3-4.)

_____

[1] Plaintiff refers to his interest in the subject property as an "allodial" estate. The term "allodial" is a feudal term used to refer to "land held in absolute ownership, not in dependence upon any other body or person in whom the proprietary rights were supposed to reside, or to whom the possessor of land was bound to render service." ALLODIAL, *Black's Law Dictionary* (11th ed 2019). Plaintiff appears to contend that this form of ownership renders the subject property tax exempt.

C.    *Analysis*

The issues presented are (1) whether Defendant's motion to dismiss should be granted; and, if so, (2) whether a frivolous appeal penalty must be imposed under ORS 305.437; and (3) whether Defendant should be awarded attorney fees under ORS 20.105.

1.    *Motion to dismiss*

Defendant moves for dismissal of the Complaint arguing that (1) Plaintiff is not aggrieved under ORS 305.275; and (2) Plaintiff has failed to state ultimate facts sufficient to constitute a claim under TCR 21 A(8).[2]  To begin, the court briefly addresses Defendant's argument that Plaintiff is not aggrieved, as required by ORS 305.275(1)(a).[3]  To be aggrieved, a "taxpayer [must have] an immediate claim of wrong." *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000).  In general, when a taxpayer seeks a reduction in the real market value of their property that will result in a reduction in their tax liability on the property, the taxpayer is aggrieved. *See Paris v. Dept. of Rev.*, 19 OTR 519, 521-22 (2008).  Here, Plaintiff seeks a property tax exemption, which would eliminate his tax liability on the subject property.  He has adequately demonstrated that he is aggrieved.

The court next considers whether Plaintiff has stated ultimate facts sufficient to constitute a claim.  In considering the motion to dismiss on this basis, "the court's review is limited to 'the facts alleged in the complaint, accepting those facts as true.' " *Work v. Dept. of Rev.*, 22 OTR 396, 397-98 (2017), *aff'd* 363 Or 745 (2018) (quoting *Douglas County v. Smith*, 18 OTR 450, 453 (2006)).  "To survive a motion to dismiss, taxpayer must identify an adequate statutory or constitutional basis for his position and allege such facts as may be necessary to bring himself

[2] Tax Court Rules (TCR).

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

within the legal doctrine he identifies." *Dept. of Rev. v. Clark*, 17 OTR 218, 220 (2003) (citing *Clark v. Dept. of Rev.*, 16 OTR 51, 52 (2002), *aff'd* 335 Or 419 (2003)).

Plaintiff's Complaint and supporting documents identify the following as claims: (1) Oregon lacks authority to impose ad valorem property taxes on private property; (2) the subject property is exempt from taxation as personal property; (3) the subject property is exempt from taxation because it was transferred by federal land patent; and (4) imposition of property taxes on the subject property interferes with Plaintiff's property rights.

a.      Oregon's power to tax property

"Oregon has imposed [property taxes] from the time of its existence as a state." *Utterback v. Dept. of Rev.*, 17 OTR 276, 278 (2003). "The power of the State of Oregon to tax property derives from the status of the state as a sovereign and not from any provision of the United States Constitution * * *." *Id.* at 279. The Supreme Court has long acknowledged the states' power to tax. *See Pollock v. Farmers' Loan & Trust Co.*, 158 US 601, 620, 15 S Ct 912, 39 L Ed 1108 (1895) ("The States, respectively, possessed plenary powers of taxation. They could tax the property of their citizens in such manner and to such extent as they saw fit."). "The founders anticipated that the expenditures of the states, their counties, cities, and towns, would chiefly be met by direct taxation on accumulated property." *Id.* at 621.

"Unless restrained by provisions of the federal Constitution, the power of the states as to the mode, form, and extent of taxation is unlimited when the subjects to which it applies are within their jurisdiction * * *." *Standard Lumber Co. v. Pierce*, 112 Or 314, 326-27, 228 P 812 (1924). Article I, Section 10 of the United States Constitution places various limitations on the states' taxation power "including prohibitions on certain forms of taxation such as imposts and duties on imports and exports, and duties of tonnage[,] * * * [but places] no limitation on the

power of the states to impose property taxes." *Newton v. Clackamas Cty. Assessor*, 18 OTR 389, 391 (2006). The subject property is located in Grant County, within Oregon. Plaintiff's challenge to the state or county's authority to impose property taxes on the subject property is without merit.

        b.       Oregon's exemption from taxation of certain personal property

"All real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, shall be subject to assessment and taxation * * *." ORS 307.030(1). An exemption is allowed for "[a]ll items of tangible personal property held by the owner * * * for personal use, benefit or enjoyment * * *." ORS 307.190(1).

Plaintiff argues that the subject property is personal property, rather than real property, and therefore exempt from taxation. ORS 307.010 defines real property as:

> "(A) The land itself, above or under water;
> (B) All buildings, structures, improvements, machinery, equipment or fixtures erected upon, above or affixed to the land;
> (C) All mines, minerals, quarries and trees in, under or upon the land;
> (D) All water rights and water powers and all other rights and privileges in any way appertaining to the land; or
> (E) Any estate, right, title or interest whatever in the land or real property, less than the fee simple."

ORS 307.010(1)(b). By contrast, personal property is defined as "chattels and movables, such as boats and vessels, merchandise and stock in trade, furniture and personal effects, goods, livestock, vehicles, farming implements, movable machinery, movable tools and movable equipment." ORS 307.020(b), (c). There is no question that the subject property – containing land and improvements – is real property and is therefore taxable.

        c.       Taxation of property transferred by land patent

Plaintiff argues that, because the subject property is held by an alleged patent granted from the United States federal government, it is rendered exempt from taxation. "[A]ll property

of the United States, its agencies or instrumentalities, is exempt from taxation to the extent that taxation of the property is forbidden by law." ORS 307.040(2). However, once the property is transferred to a taxable owner it becomes subject to property taxes. ORS 307.050.[4] Similarly, "[r]eal and personal property of the United States or any department or agency of the United States held by any person under * * * interest or estate less than a fee simple" shall be liable for tax to the extent of the lease or interest in the property. ORS 307.060. There is no authority that supports Plaintiff's theory that United States government property remains exempt after transfer to a private owner.

In *Crawford v. State Dept. of Rev.*, 14 OTR 554, 554-555 (1999), taxpayer appealed from a property tax assessment, arguing that his land conveyed by United States patent was exempt from property taxation. The court acknowledged the exemption for property of the United States government but held that "the United States government cannot confer its privileges and immunities upon patent grantees." *Id*. at 555-556. Once "the United States government no longer has any interest in such property right, * * * the property is no longer exempt." *Id*. at 555. Similarly, in *Smith v. Dept. of Rev.*, 330 Or 227, 229, 998 P2d 675 (2000), taxpayer argued that his land was exempt from taxation because he held the title in fee simple and he inherited the government's immunity upon receipt of his patent. The Court agreed with the analysis in *Crawford* and held that Plaintiff's property was not tax exempt. *Id.* at 230.

Accepting as true Plaintiff's allegation that the subject property is held by land patent title, that does not qualify the subject property for exemption. Once property held by the United

---

[4] "Whenever real and personal property of the United States or any department or agency of the United States is the subject of a contract of sale or other agreement whereby on certain payments being made the legal title is or may be acquired by any person and that person uses and possesses the property or has the right of present use and possession, * * * [t]he property shall have an assessed value determined under ORS 308.146 and shall be subject to tax on the assessed value so determined."

States is transferred to a private owner or lessee, it is subject to property taxation unless exempt under another provision of law.[5]  Here, the subject property has inherited no immunity from the United States government and Plaintiff has identified no other basis for exemption.

d.    Impact of property taxes on property rights

Plaintiff appears to claim that the imposition of property taxes on the subject property interferes with his property rights in violation of the Oregon Constitution.  He cites to Article 18, Section 10 of the Oregon Constitution as reserving to the "People of Oregon * * * their property rights at common law."  (Ptf's Resp at 13.)  "Section 10 is the savings clause of the new constitution.  It declares that the property and right of the territory and political subdivisions thereof shall remain 'as if the change of government had not been made; and private rights shall not be affected by such change.' "  *Starr v. Hamilton*, 22 F Cas 1107, 1110 (CCD Or 1867).  In *Mobile Cty v. Kimball*, 102 US 691, 703, 26 L Ed 238 (1880), the U.S. Supreme Court addressed the claim that state taxation impermissibly interferes with private property rights:

> "But neither is taxation for a public purpose, however great, the taking of private property for public use, in the sense of the Constitution.  Taxation only exacts a contribution from individuals of the State or of a particular district, for the support of the government, or to meet some public expenditure authorized by it, for which they receive compensation in the protection which government affords, or in the benefits of the special expenditure."

To the extent Plaintiff claims that property taxes imposed on the subject property interfere with his private property rights, that claim is without merit.

/ / /

/ / /

---

[5] There are other exemptions, such as property owned by the state and property used by religious or charitable institutions.  *See First EUB Church v. Commission*, 1 OTR 249, 257 (1963) ("The exemption of state property is inherent and is limited only by unmistakable constitutional or statutory provisions"); *see also* ORS 307.130, 307.140.

2. *Frivolous appeal penalty*

Defendant requests that the court impose a penalty under ORS 305.437 because the claims Plaintiff made in his Complaint are frivolous, groundless, or both.

> "Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment."

ORS 305.437(1). "A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position." ORS 305.437(2)(a).

In *Newton*, the court held that taxpayers' argument was frivolous and imposed a $2,000 penalty "because the proposition that the states possess plenary power to tax property within their jurisdiction is now so firmly rooted in our nation's jurisprudence that it is beyond doubt." 18 OTR at 393. In *Utterback*, the taxpayers maintained that "all privately held land in Oregon that was originally taken from the federal government was exempt from taxation * * *." 17 OTR at 280. The court held that claim was "facially absurd" and imposed a $500 penalty, noting that "[a]lmost all land now in private ownership in Oregon was originally in federal ownership." *Id.* In *Gall v. Dept. of Rev.*, 17 OTR 352, 345-355 (2004), the court held that taxpayers' claim that "the maximum amount of tax that can be collected is $5" was "without an objectively reasonable basis" as it was not supported by fact or law. It imposed a $300 penalty. *Id*. at 355-56. In both *Newton* and *Gall*, the court explained that the costs incurred by the county or state to defend against such frivolous claims are ultimately borne by other property owners in the county and citizens of Oregon. *Newton*, 18 OTR at 394; *Gall*, 17 OTR at 355-56.

The claims presented in Plaintiff's Complaint lack an objectively reasonable basis. Oregon's power to impose property taxes is well-established. The subject property is real

property rather than personal property. The subject property did not inherit a tax-exempt status from the United States government. The taxes imposed on the subject property do not interfere with Plaintiff's property rights. Because Plaintiff's claims have no objectively reasonable basis they are, therefore, frivolous under ORS 305.437 and the court must impose a penalty. A penalty of $500 is hereby imposed.

3.      *Attorney fees under ORS 20.105*

ORS 20.105 authorizes an award of attorney fees in "the Oregon Tax Court" when a party asserts a claim for which there is no reasonable basis. References to the "Oregon Tax Court" may include either the judge of the Tax Court, the magistrates, or both, depending on the context. ORS 305.404. The magistrate division has not historically awarded attorney fees. *See Hill v. Dept. of Rev.*, TC-MD 180191G, 2019 WL 80483 (Or Tax M Div, Jan 2, 2019) (noting "the court is unaware of any prior award of attorney fees by a magistrate * * *."). In *Ellibee v. Dept. of Rev.*, 020026D, 2003 WL 21241328 (Or Tax M Div, Apr 31, 2003), the magistrate declined to award attorney fees under ORS 20.105, concluding that the Magistrate Division lacks authority to award attorney fees because that authority was given only to the Tax Court judge under ORS 305.490.[6] It is unclear whether ORS 20.105 authorizes a magistrate to award attorney fees notwithstanding the limitation implied by ORS 305.490. If Defendant wishes to pursue its request for attorney fees, Defendant may submit supplemental briefing on the question within 14 days of this Order. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted is granted. Plaintiff's Complaint is dismissed.

/ / /

---

[6] ORS 305.490(4) authorizes attorney fees in property tax cases "before the tax court judge."

IT IS FURTHER ORDERED that Defendant's motion for a frivolous appeal penalty under ORS 305.437 is granted. A penalty of $500 is imposed.

IT IS FURTHER ORDERED that Defendant's motion for attorney fees under ORS 20.105 is denied. If Defendant wishes to submit supplemental briefing on the Magistrate Division's authority to award attorney fees, it may do so within 14 days of this Order.

Dated this _____ day of December 2020.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE


*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on December 1, 2020.*