610    October 29, 2021    No. 26

IN THE OREGON TAX COURT
REGULAR DIVISION

Gregory T. LAUER,
*Plaintiff,*
*v.*
DEPARTMENT OF REVENUE,
*Defendant.*
(TC 5424)

On Defendant Department of Revenue's (the department's) motion to dismiss for failure to state facts sufficient to constitute a claim under Tax Court Rule 21 A(8), Plaintiff argued that he held his property by "allodial title" and that Oregon therefore could not tax it pursuant to an agreement with the federal government at the time of statehood. Under ORS 307.030(1), "all real property" in the state is "subject to assessment and taxation in equal and ratable proportion." The court concluded that Plaintiff had not substantiated his argument because he pointed to no state or federal law, nor to any agreement between the federal government and the territorial or state government of Oregon that would prevent the application of ORS 307.030(1).

Submitted on Defendant's Motion to Dismiss.

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant.

Gregory T. Lauer, Plaintiff, filed a response *pro se*.

Decision for Defendant rendered October 29, 2021.

**ROBERT T. MANICKE, Judge.**

Plaintiff (taxpayer) appeals from a decision in the Magistrate Division dismissing his appeal and awarding attorney fees and a penalty of $500 under ORS 305.437.[1] This matter is before the court on the motion of Defendant Department of Revenue (the department) to dismiss taxpayer's Complaint for failure to state ultimate facts sufficient to constitute a claim under Tax Court Rule (TCR) 21 A(8). The department asks the court to enter a judgment giving effect to the decision in the Magistrate Division. Taxpayer filed a Response on June 28, 2021.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019. As recounted below, taxpayer seeks exemption "as of May 31, 2017," when he allegedly changed the title to his property to "homestead/allodial." The statutes cited in this order have not materially changed since January 1, 2017.

In his complaint in this division, as in the Magistrate Division, taxpayer claims that his property, a parcel in Grant County, is entitled to exemption from property tax based on its status as "homestead/allodial titled property."[2] Taxpayer requests that the court issue a judgment "declaring that my homestead/allodial titled private land be removed from the tax rolls and be declared exempt from property taxes as of May 31, 2017." Taxpayer also alleges that the magistrate erred in failing to conduct mediation.

The department argues that taxpayer "seeks a judgment to enforce a property tax exemption that does not exist and therefore fails to state a valid claim for relief." The department also points out that taxpayer has not alleged that either party *requested* mediation in the Magistrate Division—let alone both parties, as required before a magistrate may consider whether to hold mediation.

In his Response, taxpayer alleges that the state obtained its right to tax his property—and other similarly situated properties—by way of fraud and in violation of an alleged "agreement" between or among the United States government, Oregon's territorial government, and the Oregon state government, by which the territory or the state agreed to impose no tax on certain parcels while held by the "heirs and assignees" of original homesteaders. According to taxpayer, the existence of this agreement makes any effort to tax his property illegal. Taxpayer also appears to modify his claim regarding mediation, asserting that the magistrate erred in failing to hold trial as required by "Rule 6 B."

The court reviews a magistrate's procedural decisions *de novo. See* ORS 305.425(1); *Salisbury v. Dept. of Rev.*, TC 5400, 2021 WL 1323313 at *6 n 13 (Or Tax, Apr 8, 2021). Accordingly, the court considers whether the magistrate's decision to dismiss taxpayer's appeal was proper before considering the merits of the appeal. *See id.* In this case, however, the procedural and substantive issues substantially overlap because the magistrate's dismissal

---

[2] Taxpayer asserts that "homestead/allodial titled property is exempt from property tax assessment by lesser government agencies (state and local vs. federal)."

was based on the legal conclusion that taxpayer's position lacked any objectively reasonable basis and was frivolous. The court will analyze *de novo* whether dismissal is proper based on the record in this division of the court, including dismissal without engaging in mediation or conducting a trial.

## I.   ANALYSIS

A.   *Does taxpayer's complaint lack an objectively reasonable legal basis?*

In considering a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim for relief under TCR 21 A(8) the court assumes that the facts alleged in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Bailey v. Lewis Farm, Inc.*, 343 Or 276, 171 P3d 336 (2007); *see also Work v. Dept. of Rev.*, 22 OTR 396, 397-98 (2017), *aff'd*, 363 Or 745 (2018) ("[T]he court's review is limited to the facts alleged in the complaint, accepting those facts as true."). Although the rule refers to "ultimate facts," the court may dismiss a complaint if the taxpayer's position is "entirely devoid of factual or legal support." *Detrick v. Dept. of Rev.*, 311 Or 152, 806 P2d 682 (1991).

As a state, Oregon enjoys lawmaking authority that is "plenary, subject only to limits that arise either from the Oregon Constitution or from a source of supreme federal law." *Kellas v. Dept. of Corrections*, 341 Or 471, 478, 145 P3d 139 (2006); *see also* Hon. Jack L. Landau, *An Introduction to Oregon Constitutional Interpretation*, 55 Willamette L Rev 261, 284 n 151 (2019). The people of Oregon, in adopting the Oregon Constitution, have delegated lawmaking power to the elected legislature, subject only to the people's right to make and approve laws directly through the processes of initiative and referendum. *See* Or Const, Art IV, § 1. Therefore, the court will start its analysis by considering whether any statutes enacted by the legislature or the people exempt taxpayer's property. The court will then consider whether any limits in the Oregon Constitution or the United States Constitution restrain Oregon from taxing taxpayer's property.

The legislature has enacted a law declaring:

> "All real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, shall be subject to assessment and taxation in equal and ratable proportion."

ORS 307.030(1). "Real property" includes land, improvements and fixtures affixed to the land, and certain other interests. ORS 307.010(1)(b)(E).[3] Taxpayer refers to no Oregon law granting an exemption to "allodial titled property," or to property held by "homestead/allodial" title or "allodial/fee simple absolute" title. Nor does he cite any other Oregon statute that would confer exemption, and the court is aware of none. Oregon law exempts certain property of the federal government, but only while the federal government owns or possesses it. *See* ORS 307.040(2) (granting exemption to "all property of the United States, its agencies or instrumentalities *** to the extent that taxation of the property is forbidden by law"); *see also* ORS 307.050 (federal property under contract of sale); ORS 307.060 (federal property under lease); *Crawford v. Dept. of Rev.*, 14 OTR 554, 555 (1999) (explaining that "once a mining claim patent issues *** [t]he United States government no longer has any interest in such property right, and the property is no longer exempt"); *Utterback v. Dept. of Rev.*, 17 OTR 276, 277 (2003) (rejecting taxpayers' argument that as distant successors in title of the federal government under the Homestead Act of 1862, they were not subject to Oregon property tax assessment). Taxpayer repeatedly acknowledges that he owns the subject property,[4] and he nowhere asserts that the federal government owns it. Therefore, the general rule—that all property is subject to tax—applies to taxpayer's property unless "a source of supreme federal law" confers an exemption. The court now turns to federal law to determine whether any exemption exists there.

---

[3] Taxpayer asserts, incorrectly, that "real property" is limited to interests less than fee simple because ORS 307.010(1)(b)(E) states that "'real property' includes" an interest in real property "less than fee simple." The Oregon Supreme Court rejected the same argument in *Smith v. Dept. of Rev.*, 330 Or 227, 229, 998 P2d 675 (2000).

[4] Taxpayer's assertion that he holds the property by "homestead/allodial title" is a further indication that he claims to own it. *See Black's Law Dictionary* (11th ed 2019) (defining "allodial" as "[h]eld in absolute ownership").

When federal law applies, it prevails over any conflicting state law. *See* US Const, Art VI ("This Constitution, and the Laws of the United States * * * shall be the supreme Law of the Land * * *."). However, the federal government is one of limited powers; therefore, it can impair Oregon's authority to tax only if a particular federal statute or federal constitutional principle applies. *King v. City of Portland*, 2 Or 146, 152-53 (1865) (noting that the U.S. Constitution is the "sole source of power and authority for the national government" whereas state power is "unrestrained," subject only to the limits contained in the U.S. Constitution).

One federal constitutional principle recognized by case law is immunity from state and local tax for property owned or possessed by the federal government. *See Irwin v. Wright*, 258 US 219, 228, 42 S Ct 293, 66 L Ed 573 (1922) ("[N]o state can tax the property of the United States."). The statutory exemptions under Oregon law incorporate this principle in declaring property of the United States exempt "to the extent that taxation of the property is forbidden by law." ORS 307.040(2). However, as discussed, taxpayer's property cannot benefit from this immunity because he owns it and the federal government does not.

Taxpayer claims that the federal government, when it owned his land, "withheld" Oregon's taxing jurisdiction from his parcel and others, but that Oregon fraudulently ignored this. Taxpayer refers to an "agreement" between or among the United States government, Oregon's territorial government, and the Oregon state government, by which the territory or the state agreed to impose no tax on certain parcels as long as held by the "heirs and assignees" of original homesteaders. Taxpayer claims to have "restor[ed] the original homestead/land patent contract" and made himself such an assignee. As discussed above, the court is aware of no Oregon law that memorializes any such arrangement. Taxpayer's reference to an "agreement" implies that the rights he asserts derive from an intergovernmental contract relating to his property and certain other properties. However, even assuming—for purposes of this motion to dismiss—that such an agreement exists and purports to confer exemption, any such exemption would be unenforceable under the Uniformity Clauses of Oregon's Constitution.

The Uniformity Clauses require that all taxes apply uniformly on the same class of subjects, and that taxes be levied and collected under "general laws." Or Const, Art I, § 32 ("[A]ll taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."); Or Const, Art IX, § 1 ("The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State."). The term "general law" means a law that is not specific to a particular person, a particular property, or an identified portion of the state. *See State ex rel. v. Malheur County Court*, 185 Or 392, 414, 203 P2d 307 (1949). The "agreement" taxpayer describes, assuming it exists, would amount to a "special" law, applicable to particular properties, that would be incapable of conferring an exemption from the general law requiring assessment and taxation of "all" property within this state. *See* ORS 307.030(1).[5]

For the foregoing reasons, the court concludes that taxpayer's claim for exemption is entirely devoid of legal support.

## B. *Mediation and Trial in the Magistrate Division*

The legislature has authorized the Magistrate Division to conduct proceedings "in any manner that will achieve substantial justice," subject to rules of practice and procedure that the court establishes. ORS 305.501(4)(a). The court has specific authority to "establish procedures for magistrate division hearings and mediation." ORS 305.501(3). The court's enabling statute provides further that a party to a Magistrate Division appeal "*may request* mediation, or the tax court on its own motion *may* assign the matter to mediation." ORS 305.501(2) (emphases added).

---

[5] The people adopted the express "general law" requirement in a 1917 amendment to Article IX, section 1, of the Oregon Constitution. However, even if the alleged "agreement" was entered into before that amendment, taxpayer's exemption claim would fare no better. The original text of Article IX, section 1, allowed exemption "only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law." Or Const, Art IX, § 1 (1857); *see Crawford v. Linn County*, 11 Or 482, 494, 5 P 738 (1885) (Pre-1917 Uniformity Clause "actually forbids the exemption from taxation of any property whatever, except that specifically enumerated in the clause.").

Unless the context requires a different construction, "may" is permissive; "it denotes permission, authority, or liberty to do something." *Scott v. Dept. of Rev.*, 358 Or 795, 801, 370 P3d 844 (2016). Consistent with the statute, the Magistrate Division's rules *allow* any party to *request* mediation. Tax Court Rule – Magistrate Division (TCR-MD) 10 A; *see also* TCR-MD 8 A(2) (mediation may be requested orally at the initial case management conference or in writing at any time but in no event later than 45 days prior to scheduled trial). Taxpayer has pointed to no statute, rule, or legal principle *requiring* the magistrate to assign a case to mediation. Taxpayer has not alleged that *any* party—he or the department—requested mediation. Nor has he identified any authority that would require the magistrate to grant such a request. Accordingly, the court finds that taxpayer has failed to state facts sufficient to constitute a claim for relief on this issue.

Regarding taxpayer's claim that the magistrate erred in failing to hold trial, taxpayer has not identified, and the court is not aware of, any statute or rule requiring the magistrate to hold a trial in every case. Taxpayer appears to refer to TCR-MD 6 B which provides that "[a] trial date *may* be scheduled at the initial case management conference." (Emphasis added.) The rule does not purport to guarantee that the court will hold a trial. The magistrate, having concluded that taxpayer's claim was frivolous based on the filings, was under no obligation to undertake the burden and expense of trial. *See Glasgow v. Dept. of Rev.*, 356 Or 511, 340 P3d 653 (2014) (concluding that taxpayer's arguments in each division were frivolous; holding that the court did not err in dismissing taxpayer's complaint). The court concludes that taxpayer has failed to state facts sufficient to constitute a claim for relief on this issue.

## II.   CONCLUSION

Having drawn all reasonable inferences in taxpayer's favor, the court concludes that taxpayer's claims are entirely without merit and that the department's motion should be granted. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted;

        IT IS FURTHER ORDERED that Plaintiff's claim for property tax exemption is denied; IT IS FURTHER ORDERED that, as previously awarded by the magistrate, Plaintiff shall pay to Defendant a penalty of $500 under ORS 305.437, in addition to attorney fees payable to the Grant County Assessor of $3,488 under ORS 20.105(1). The court will enter a judgment to this effect.